```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION
```

ALAN WARREN HOLLIS,

                     Petitioner,

v.                                        Case No. 3:15-cv-922-J-34MCR

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                     Respondents.

_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

     On August 27, 2015, the Court ordered Petitioner, no later than September 30, 2015, to file an amended petition for writ of habeas corpus <u>and</u> either submit the $5.00 filing fee or fully complete and file an Affidavit of Indigency. <u>See</u> Order (Doc. 3). When the designated deadline passed on September 30, 2015, and Petitioner had neither complied with the Court's August 27, 2015 Order nor requested additional time to do so, the Court directed Petitioner to show cause, no later than Wednesday, December 2, 2015, why this case should not be dismissed for lack of prosecution, pursuant to Rule 3.10(a), Rules of the United States District Court for the Middle District of Florida. <u>See</u> Order to

Show Cause (Doc. 4), filed October 30, 2015. Additionally, the Court advised Petitioner that his failure to comply with the Court's August 27, 2015 Order (by filing his Amended Petition <u>and</u> either submitting the $5.00 filing fee or fully completing and filing an Affidavit of Indigency) <u>and</u> show satisfactory cause for his initial failure to comply with the Court's Order (Doc. 3) would result in the dismissal of this action without further notice. <u>Id.</u> Petitioner's copy of the Court's Order to Show Cause (Doc. 4) was returned to the Court as undeliverable with a notation "unable to forward" and with the following forwarding address handwritten on the return envelope: 1315 Lafayette Street, Suite C, Tallahassee, FL 32301. Therefore, the Clerk resent the Order to Show Cause to the forwarding address.

In prosecuting this action, Hollis is responsible for complying with this Court's Orders. As of the date of this Order, Hollis has neither complied with the Court's Orders (Docs. 3, 4), explained his noncompliance, requested additional time to comply, nor provided the Court with his current address. Given that Hollis has not filed any documents since July 27, 2015,[1] when he filed his Petition (Doc. 1) and the designated time to respond to the Court's Order to Show Cause having passed on December 2, 2015, this Court

---

[1] According to the Florida Department of Corrections (FDOC) Offender Network, <u>see</u> http://www.dc.state.fl.us/InmateReleases, the FDOC released Hollis from incarceration on July 24, 2015.

concludes that the dismissal of this case is appropriate at this time.

Accordingly, it is now

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice** for Hollis's lack of prosecution.[2]

2. The Clerk of Court is directed to provide Hollis with a copy of the Court's Orders (Docs. 3, 4) and this Order at the following addresses: (1) the last known address that Hollis provided to the Court and the address he provided to the FDOC upon release: 2230 West Tennessee Street, Tallahassee, FL 32304, and (2) the forwarding address provided to the Court: 1315 Lafayette Street, Suite C, Tallahassee, FL 32301.

---

[2] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). Petitioner should note that the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167, 172 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

3. The Clerk of Court shall enter judgment dismissing this case without prejudice, closing the case, and terminating any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of December, 2015.

MARCIA MORALES HOWARD
United States District Judge

sc 12/7
c:
Alan Warren Hollis

- 4 -